UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MISSOURI

CARL KOSSMEYER and,                    )
MARIA KOSSMEYER                        )
                                       )
    Plaintiffs,                      )
                                       )
                                       )
    vs.                              )        Case No. 4:23CV1397 HEA
                                       )
STATE FARM FIRE and CASUALTY, CO,)
et al.,                                )
                                       )
    Defendants.                      )

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion to Amend, [Doc. No. 23], Defendant John Schmidt's Motion to Dismiss, [Doc. No. 16], Defendant State Farm and John Schmidt's Motion to Dismiss Counts I, II, and IV of Plaintiffs' Petition, [Doc. No. 5], and Plaintiffs' Motion to Remand, [Doc. No. 21]. The Motion to Amend will be granted. the Motion to Dismiss Counts I, II, and IV will be denied as moot without prejudice, the Motion to Remand will be denied. The Motion to Dismiss Defendant John Schmidt will be granted.

## Facts and Background

Plaintiff brought this action in the Circuit Court for the County of St. Louis, Missouri against several defendants, including State Farm and John Schmidt, alleging, as it relates to State Farm and John Schmidt, Count I-Breach of Contract

of Insurance as To Defendant State Farm-Count II– Vexatious Delay Against

State Farm; Count III – Breach of Construction Contracted Directed At State Farm;

Count IV – Negligent Misrepresentation Against State Farm and John Schmidt;

Count VII – Breach of Contract of Issuance As to Defendant State Farm In

Relation to Additional Living Expense Provision; and Count VIII – Vexatious

Delay Against State Farm For Additional Living Expense Provision. State Farm

and John Schmidt are the only remaining defendants as the other defendants were

dismissed prior to removal.

State Farm removed the matter based on the Court's diversity of citizenship

jurisdiction. 28 U.S.C. § 1332, claiming Defendant Schmidt was fraudulently

joined in this matter to defeat the Court's jurisdiction.

Plaintiffs filed a Motion to Amend their Complaint/Petition in order to more

fully assert their claims against Defendant Schmidt. The Court grants this Motion

and addresses the remaining Motions as they relate to the Amended Complaint.

Plaintiff's Amended Complaint alleges the following:

Plaintiffs home was damaged by a fire on June 21, 2021. At the time of the

fire, Plaintiffs had, at the time of the fire, an insurance policy with State Farm. The

insurance policy provided:

The State Farm Policy has the following provisions, inter alia:

Our Option. We may repair or replace any part of the property
damaged or stolen with similar property. Any property we pay for

2

or replace becomes our property.

However, when the peril of fire causes partial destruction or damage to covered property, pursuant to Section 379.150 RS Mo. 1986, we will pay for the damage done to the property or repair the property to the extent of the damage, at your option. Payment will not exceed the limits of liability of this policy, and the damaged property will be in as good condition as before the fire.

Plaintiffs further allege Defendant State Farm failed to abide by the policy which allowed, at the insureds' option, to either have the damage repaired or pay for the damage. Plaintiffs allege State Farm, without their consent issued payments to Plaintiffs and the mortgage holder rather than allowing Plaintiffs to decide whether to accept payment for the damage or repair the property. Plaintiffs further allege, among other things, Defendants State Farm and John Schmidt made negligent misrepresentations, to wit;

Defendant John Schmidt, in an attempt to persuade Plaintiffs that their home was only partially damaged stated the roofing system could be repaired. This statement made by Defendant John Schmidt was false and later withdrawn when State Farm's contractor stated the roof system could not be repaired.

Defendant John Schmidt, in an attempt to accept a payment from State Farm denied to Plaintiffs their rights under Missouri law and the Policy to have State Farm repair their Home.  This statement was falsely made and later retracted by Defendant John Schmidt.

Defendant John Schmidt falsely stated to Plaintiffs that Next Step Contracting, LLC would prepare its own estimate as to the cost of repairs to Plaintiffs' Dwelling but had no intention to do so but this was an attempt to have Plaintiffs rely on the fairness of the repair/construction process.

Further, the Amended Complaint attributes John Schmidt of making false statements at a meeting on August 26, 2021: that a proper and complete construction contract would be prepared by State Farm which would protect Plaintiffs; that the foundation could support the rebuilt home on it although Defendant John Schmidt knew that he had no construction background nor knowledge to make the statement, which was false; and Schmidt falsely represented himself as having an adequate construction background.

Additionally, the Amended Complaint claims Schmidt made material misrepresentations to Plaintiffs with the intent to prevent their claim against State Farm from being properly handled to wit: that a proper and complete construction contract would be prepared by State Farm which would protect Plaintiffs; that the foundation could support the rebuilt home on it although Schmidt knew he had no construction background nor knowledge to make the statement, which was false; that Schmidt falsely represented himself as having an adequate construction background.

Plaintiffs move to remand claiming the Court lacks complete diversity since Plaintiffs and Defendant Schmidt are all citizens of Missouri. Defendant Schmidt counters that he was fraudulently joined to defeat diversity jurisdiction, and therefore moves to dismiss.

## Discussion

"To survive a motion to dismiss for failure to state a claim, the complaint must show the plaintiff 'is entitled to relief,' Fed. R. Civ. P. 8(a)(2), by alleging 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.' " *In re Pre Filled Propane Tank Antitrust Litig*., 860 F.3d 1059, 1063 (8th Cir. 2017) (en banc) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). In reviewing a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), the Court accepts all factual allegations as true and construes all reasonable inferences in the light most favorable to the nonmoving party. *Usenko v. MEMC LLC,* 926 F.3d 468, 472 (8th Cir.), cert. denied, ⸺ U.S. ⸺, 140 S. Ct. 607 (2019). The Court need not accept as true a plaintiff's conclusory allegations or legal conclusions drawn from the facts. *Waters v. Madson*, 921 F.3d 725, 734 (8th Cir. 2019). The complaint "must allege more than '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements' " and instead must "allege sufficient facts that, taken as true, 'state a claim to relief that is plausible on its face.' " *K.T. v. Culver Stockton Coll*., 865 F.3d 1054, 1057 (8th

Cir. 2017) (alteration in original) (quoting *Iqbal,* 556 U.S. at 678) (internal quotation marks omitted). A facially plausible claim is one "that allows the court to draw [a] reasonable inference that the defendant is liable for the misconduct alleged." *Wilson v. Ark. Dep't of Human Servs*., 850 F.3d 368, 371 (8th Cir. 2017) (internal quotation omitted). This "standard asks for more than a sheer possibility that a defendant has acted unlawfully, or more than a mere possibility of misconduct." *Id*. (cleaned up).

A federal court has diversity jurisdiction where the matter in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a). Diversity between the parties must be complete, meaning that "there is no plaintiff and no defendant who are citizens of the same [s]tate." *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998) (citation omitted).

"Fraudulent joinder is an exception to the complete diversity rule." *Johnson*, 88 F.4th at 735 (citing *In re Prempro Pros. Liab. Litig.*, 613 F.3d 591, 620 (8th Cir. 2010)). Under this doctrine, a defendant's right to remove an action based on diversity jurisdiction cannot be defeated by the fraudulent joinder of a non-diverse or resident defendant. *Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 976 (8th Cir. 2011). Joinder of a defendant is fraudulent where "no reasonable basis in fact and law" exists to support claims asserted against that defendant; in such a situation, dismissal of the defendant is proper. *Thompson v. R.J. Reynolds Tobacco Co.*, 760

F.3d 913, 915 (8th Cir. 2014). Defendants, as the removing party, bear the burden of proving that joinder was fraudulent here. *See Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 808 (8th Cir. 2003).

In determining whether a defendant was fraudulently joined, the district court must decide "whether there is arguably a reasonable basis for predicting that state law might impose liability based upon the facts involved." *Id*. at 811. This question turns on whether the plaintiff might have a "colorable" claim against the resident defendant. *Junk v. Terminix Int'l Co.*, 628 F.3d 439, 446 (8th Cir. 2010). To prove fraudulent joinder, "the defendant [must] do more than merely prove that the plaintiff's claims should be dismissed pursuant to a Rule 12(b)(6) motion." *Knudson*, 634 F.3d at 980. Further, in making a prediction as to whether state law might impose liability based on the facts alleged, "the district court should resolve all facts and ambiguities in the current controlling substantive law in the plaintiff's favor." *Filla*, 336 F.3d at 811. Where the sufficiency of the plaintiff's claim is questionable, "the better practice is for the federal court not to decide the doubtful question in connection with a motion to remand but simply to remand the case and leave the question for the state courts to decide. *Id*.

Defendant asserts Plaintiffs' negligent misrepresentation claim must be dismissed for failure to state a claim against Schmidt.

To state a claim for negligent misrepresentation under Missouri law, plaintiff must allege:(1) the defendant supplied information in the course of his business; (2) because of a failure by defendant to exercise reasonable care, the information was false; (3) the information was provided by the defendant to the plaintiff in a particular business transaction; and (4) the plaintiff relied on the information and thereby suffered a pecuniary loss. *Guerrero v. PIM Brands, Inc*., No. 23 CV 690 RLW, 2024 WL 3338843, at *6 (E.D. Mo. July 9, 2024).

Reliance is necessary to support a claim for misrepresentation. *Ryann Spencer Group v. Assurance Co. of Am*., 275 S.W.3d 284, 291 (Mo. Ct. App. 2008) ("require[ing] justifiable reliance on the misrepresentation, whether it be fraudulent or negligent."). Moreover,

> [a] claim for negligent misrepresentation generally cannot be based on unfulfilled promises or statements as to future events, unless the statement is a representation of the speaker's present intention or concerns matters within the speaker's control. The representation is not actionable if it regards the future actions of an independent third party. If the third party is independent, the third party would not be under the control of the speaker, so the speaker would not be liable for any misrepresentations.

*Id.*

Plaintiffs' allegations fail to state a viable claim for negligent misrepresentation against Defendant Schmidt. Plaintiffs claim Schmidt stated the roofing could be repaired, however Plaintiffs further state this statement was

withdrawn, thus eliminating the possible inference that Plaintiffs relied on the statement to their detriment.

Likewise, Plaintiffs claim Schmidt denied that State Farm had a legal obligation to repair the home, a statement which was later retracted by Schmidt. Again, there is no allegation Plaintiffs relied on this statement nor can an inference of reliance be drawn because of the retraction.

Plaintiffs also rely on Schmidt's statement that Next Step Contracting would prepare its own estimate for the cost of repairs and that State Farm would prepare a proper and complete construction contract which would protect Plaintiffs. As noted, *supra*,  Statements and representations about expectations and predictions for the future, especially regarding future actions of an independent third party, do not constitute negligent misrepresentations. *Ryann Spencer Group, Inc*., 275 S.W.3d at 290.

Finally, Plaintiffs contend Schmidt stated that the foundation could support the rebuilt home. As Defendant argues, Plaintiffs' claim in this matter is that State Farm failed to repair their home, not rebuild it. As such, this alleged misrepresentation fails to give rise to a claim since there could be no reliance by Plaintiffs on the representation to their detriment. Indeed, Plaintiffs do not set out any reliance on this, as well as the other alleged misrepresentations, to support the claim.

Based upon the foregoing, Plaintiffs' Amended Complaint fails to satisfy the minimal pleading requirements to state a cause of action against Defendant Schmidt for negligent misrepresentation. The Motion to Dismiss is well taken.

## Conclusion

Plaintiff's Motion to file an Amended Complaint is granted. The Amended Complaint, however, fails to satisfy the pleading requirements of Rule 12(b)(6) as to Defendant John Schmidt. The Court concludes Schmidt was fraudulently joined to defeat diversity jurisdiction. The Motion to Dismiss Defendant John Schmidt is granted, and therefore John Schmidt is dismissed from this action. The Motion to Remand is without basis and is denied. Defendant State Farm's Motion to Dismiss is denied as moot as it related to Plaintiffs' Petition.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Amend, [Doc. No. 23], is granted.

**IT IS FURTHER ORDERED** that Defendant John Schmidt's Motion to Dismiss, [Doc. No. 16], is granted.

**IT IS FURTHER ORDERED** that Defendant State Farm and John Schmidt's Motion to Dismiss Counts I, II, and IV of Plaintiffs' Petition, [Doc. No. 5], is denied as moot without prejudice to refiling as to the Amended Complaint.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Remand, [Doc. No. 21], is denied.

Dated this 11th day of September,  2024.


_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE

11