UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MISSOURI

CARL KOSSMEYER and, )
MARIA KOSSMEYER )
 )
        Plaintiffs, )
 )
 )
        vs. )          Case No. 4:23CV1397 HEA
 )
STATE FARM FIRE and CASUALTY, CO,)
et al., )
 )
        Defendants. )

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion for Summary

Judgment [Doc. No. 45],  Plaintiffs oppose the Motion. For the reasons set forth

below, the Motion will be denied.

Plaintiffs' Amended Complaint alleges the following:

Plaintiffs home was damaged by a fire on June 21, 2021. At the time of the

fire, Plaintiffs had an insurance policy with State Farm. The insurance policy

provided:

The State Farm Policy has the following provisions, inter alia:

Our Option. We may repair or replace any part of the property
damaged or stolen with similar property. Any property we pay for
or replace becomes our property.

However, when the peril of fire causes partial destruction or

damage to covered property, pursuant to Section 379.150 RS Mo. 1986, we will pay for the damage done to the property or repair the property to the extent of the damage, at your option. Payment will not exceed the limits of liability of this policy, and the damaged property will be in as good condition as before the fire.

Plaintiffs allege Defendant State Farm failed to abide by the policy which allowed, at the insureds' option, to either have the damage repaired or pay for the damage. Plaintiffs initially requested Defendant repair the house. Subsequent events led to Defendant issuing two checks payable to Plaintiffs and the mortgagee on the subject property. Plaintiffs claim Defendant failed to enter into a proper contract for the repairs. Defendant argues Plaintiffs failed to allow the contractor access to the property for the repairs and thus waived any election provided in the insurance policy.

Pursuant to Federal Rule of Civil Procedure 56(a), a court may grant a motion for summary judgment if all the information before the court shows "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The initial burden is placed on the moving party. *City of Mt. Pleasant, Iowa v. Associated Elec. Co-op., Inc.*, 838 F.2d 268, 273 (8th Cir. 1988) (the moving party has the burden of clearly establishing the non-existence of any genuine issue of fact that is material to a judgment in its favor). Once this burden is discharged, if the

2

record shows that no genuine dispute exists, the burden then shifts to the non-moving party who must set forth affirmative evidence and specific facts showing there is a genuine dispute on a material factual issue. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986).

Once the burden shifts, the non-moving party may not rest on the allegations in his pleadings but by affidavit and other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(c); *Herring v. Canada Life Assur. Co.*, 207 F.3d 1026, 1030 (8th Cir. 2000); *Allen v. Entergy Corp.*, 181 F.3d 902, 904 (8th Cir. 1999).  The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). A dispute about a material fact is "genuine" only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Herring*, 207 F.3d at 1029 (quoting *Anderson*, 477 U.S. at 248). A party resisting summary judgment has the burden to designate the specific facts that create a triable question of fact, *see Crossley v. Georgia-Pac. Corp.*, 355 F.3d 1112, 1114 (8th Cir. 2004), and "must substantiate allegations with sufficient probative evidence that would permit a finding in the plaintiff's favor." *Davidson & Assocs. v. Jung*, 422 F.3d 630, 638 (8th Cir. 2005).

3

The record before the Court does not clearly establish there are no genuine disputes of material fact. Plaintiffs and Defendant set forth  different facts which are in conflict with the other's rendition of what transpired. While each of the parties present certain facts surrounding the payments made which resulted in Plaintiffs' mortgage satisfied with the remainder going into Plaintiffs' trust account, the record is not complete enough to establish Defendant's claims of entitlement to judgment. Factual issues remain unresolved. As such  summary judgment is not appropriate.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment, [Doc. No.45 ], is **DENIED**.

Dated this 9th day of March, 2026.

_____

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE

4