UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| CARL KOSSMEYER and, MARIA KOSSMEYER | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | Case No. 4:23CV1397 HEA |
| STATE FARM FIRE and CASUALTY, CO, et al., | ) ) ) ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Exclude

Testimony of Pete Hennessey, [Doc. No. 54], Plaintiffs oppose the Motion. For the

reasons set forth below, the Motion will be granted.

## Facts and Background

Plaintiff's Amended Complaint alleges the following:

Plaintiffs home was damaged by a fire on June 21, 2021. At the time of the

fire, Plaintiffs had an insurance policy with State Farm. The insurance policy

provided:

The State Farm Policy has the following provisions, inter alia:

Our Option. We may repair or replace any part of the property
damaged or stolen with similar property. Any property we pay for
or replace becomes our property.

> However, when the peril of fire causes partial destruction or damage to covered property, pursuant to Section 379.150 RS Mo. 1986, we will pay for the damage done to the property or repair the property to the extent of the damage, at your option. Payment will not exceed the limits of liability of this policy, and the damaged property will be in as good condition as before the fire.

Plaintiffs further allege Defendant State Farm failed to abide by the policy which allowed, at the insureds' option, to either have the damage repaired or pay for the damage. Plaintiffs allege State Farm, without their consent issued payments to Plaintiffs and the mortgage holder rather than allowing Plaintiffs to decide whether to accept payment for the damage or repair the property. Plaintiffs further allege, among other things, Defendants State Farm and John Schmidt made negligent misrepresentations.

Defendant seeks to exclude the testimony of Pete Hennessey, Plaintiffs' expert witness pursuant to Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure, arguing Mr. Hennessey's report is insufficient. Plaintiffs responded with the report from Mr. Hennessey, which is verified and urge that he has sufficiently satisfied the requirements of Rule. 26(a)(2)(B).

Plaintiffs disclosed Hennessey as an expert under Rule 26(a)(1). In the disclosure, Plaintiffs submitted the report which stated that Mr. Hennessey founded Hennessey Development, in 1995 and has been building homes for over 20 years. He further states that he is one of the most respected home builders in the industry.

2

The basis of the facts or data considered by Hennessey included an examination of the site, obtaining estimates from subcontractors and preparing a detailed building budget report, which he set out in an exhibit attached to his report.

Hennessey states that it is his opinion that it would be too risky and too expensive for the type of home to be rebuilt, to put it on top of the then existing foundation after the fire, which was not engineered to current standards. The Report is submitted with an affirmation of its accuracy and correctness to the best of his knowledge.

## Discussion

Rule 26 requires the proponent of expert testimony to serve opposing parties with a detailed expert report, in writing, that is "prepared and signed by the witness." Fed.R.Civ.P. 26(a)(2). The report must contain the following information: (1) a complete statement of all opinions to be expressed; (2) the basis and the reasons for the opinions expressed; (3) the data or other information considered by the expert in forming the opinions; (4) any exhibits to be used as a summary of or support for the opinions; (5) the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; (6) the compensation to be paid for the study and testimony; and (7) a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years. Fed.R.Civ.P. 26(a)(2)(B). "Since

3

failure to disclose in a timely manner is equivalent to failure to disclose," a party must produce its evidence in accordance with Rule 26(a)(2)(B) in a timely manner or risk sanctions under Rules 16 and 37. *Trost v. Trek Bicycle Corp.*, 162 F.3d 1004, 1008 (8th Cir.1998) citing *Sylla Sawdon v. Uniroyal Goodrich Tire Co.*, 47 F.3d 277, 284 (8th Cir.1995). See also *Bonin v. Chadron Comm. Hosp.*, 163 F.R.D. 565 (D.Neb.1995). "If a party fails to provide information or identify a witness as required by Rule 26(a)...the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed.R.Civ.P. 37(c)(1). *Clayton Int'l, Inc. v. Nebraska Armes Aviation, LLC*, No. 8:21CV309, 2025 WL 1937621, at *3–4 (D. Neb. July 15, 2025).

Federal Rule 26(a) provides that parties must make certain disclosures during discovery, including disclosure of a written report prepared and signed by the party's expert witness. Fed. R. Civ. P. 26(a)(2)(B). This report must include, inter alia, a complete statement of the witness' opinions and the basis for them, and the facts or data considered in forming them. Fed. R. Civ. P. 26(a)(2)(B)(i), (ii). To satisfy Rule 26, the report must "include the substance of the testimony which an expert is expected to give on direct examination together with the reasons therefor." *Salgado by Salgado v. Gen. Motors Corp.*, 150 F.3d 735, 742 n.6 (7th Cir. 1998).

4

Like the other federal rules governing discovery, Rule 26 is intended "to narrow the issues, to eliminate surprise, and to achieve substantial justice." *Barfield v. Sho-Me Power Elec. Coop.*, No. 11-CV-04321-NKL, 2013 WL 12506860, at *1–2 (W.D. Mo. June 13, 2013); *Geyhound Lines, Inc. v. Miller*, 402 F.2d 134, 143 (8th Cir. 1968); *Sylla–Sawdon v. Uniroyal Goodrich Tire Co.*, 47 F.3d 277, 284 (8th Cir. 1995), *cert. den'd*, 516 U.S. 822 (1995). The report requirement is intended in part to reduce "the length of the deposition of such experts" by disclosing the expert's opinion prior to deposition. Fed. R. Civ. P. 26(b)(4)(A), 1993 Advisory Committee Note. A report is sufficient for Rule 26 purposes if it contains "some discussion of the reasoning and thought process that led to the ultimate conclusion." *Travelers Indem. Co. of Am. v. Holtman Properties, L.L.C.*, 2009 WL 995464 at *3 (E.D. Mo. Apr. 14, 2009) (quoting *United States v. GC Quality Lubricants, Inc.*, 2002 WL 34376587 at *2 (M.D. Ga. Sept. 27, 2002)). But Rule 26 is not met where the expert's report is "sketchy, vague or preliminary in nature." *Finwall v. City of Chicago*, 239 F.R.D. 494, 501 (N.D. Ill. 2006) (quoting *Salgado*, 150 F.3d at 741–42 n.6). See, e.g., *Ohime v. Foresman*, 186 F.R.D. 507, 508 (N.D. Ind. 1999) (Rule 26 was not met where the expert's report contained "only a three-sentence paragraph of vague conclusions as to his expert opinion of Ms. Ohime's condition.").

"When a party fails to provide information . . . in compliance with Rule 26(a) or (e), the district court has wide discretion to fashion a remedy or sanction as appropriate for the particular circumstances of the case." *Wegener v. Johnson*, 527 F.3d 687, 692 (8th Cir. 2008) (citing Fed. R. Civ. P. 37(c)(1), and *Trost v. Trek Bicycle Corp.*, 162 F.3d 1004, 1008 (8th Cir. 1998)). "The district court may exclude the information or testimony as a self-executing sanction unless the party's failure to comply is substantially justified or harmless." *Id*. (citing Rule 37(c)(1)). "When fashioning a remedy, the district court should consider, inter alia, the reason for noncompliance, the surprise and prejudice to the opposing party, the extent to which allowing the information or testimony would disrupt the order and efficiency of the trial, and the importance of the information or testimony." *Id*. (citing *Sellers v. Mineta*, 350 F.3d 706, 711-12 (8th Cir. 2003), and *Marti v. City of Maplewood, Mo.*, 57 F.3d 680, 683 (8th Cir. 1995)).

Mr. Hennessey's report is entirely inadequate under Rule 26 standards. The most critical requirements of the Rule--the basis and reasons for the expert's opinions and the data or other information considered--are totally lacking. *Travelers Indem,* 2009 WL 995464 at *3. The mere submission of a subcontractor estimates tells Defendant nothing about the substance of Hennessey's calculation of the damages and estimate to repair and leaves it open to unfair surprise. *Id.*

6

"An expert report must contain some discussion of the reasoning and thought process that led to the ultimate conclusion." *Id.,* quoting *GC Quality Lubricants*, 2002 WL 34376587 at \*2; see also *Upsher-Smith Labs., Inc. v. Mylan Labs., Inc.*, 944 F. Supp. 1411, 1440 (D. Minn. 1996) (limiting expert's testimony based in part on expert's report's failure to disclose the facts and rationale underlying the opinions expressed).

Plaintiffs' position that Defendant can ask Hennessey about all of the information omitted from his report during a deposition unfairly shifts the burden to Defendant to first establish how his conclusions were reached before it can begin to cross-examine him on his conclusions. See *GC Quality Lubricants*, 2002 WL 34376587 at \*2. "Rule 26(a)(2)(B) was intended to avoid just such a result." *Id*.

Plaintiffs have offered nothing to establish that the failure to comply with Rule 26(a)(2)(B) was substantially justified. For the reasons discussed above, the failure to comply is not harmless. As a result, the Court may exclude Hennessey's testimony "as a self-executing sanction." *Wegener*, 527 F.3d at 692; Rule 37(c)(1). The surprise and prejudice to Defendant as a result of the failure are significant and have not been cured to date through supplementation or otherwise.

Although the surprise and prejudice could be cured by taking Hennessey's deposition, the Court declines to require this of Defendant because doing so would

shift the burden of disclosure onto Defendant whereas this burden is placed squarely on Plaintiffs by the Rule. Plaintiffs elected to designate Hennessey as an expert who may be used to provide evidence under Federal Rule of Evidence 702, 703 or 705, and then failed to provide the requisite information required by Rule 26(a)(2)(B), even after the instant motion was filed.

The Court will grant Defendant's' motion to exclude Hennessey's expert designation, based on Plaintiffs' failure to comply with Rule 26(a)(2)(B). Plaintiffs will be granted additional time to comply with Rule 26(a)(2)(B) by submitting an expert report prepared and signed by Hennessey in accordance with the requirements of the Rule, if they wish to offer Hennessey as an expert witness. The report should specifically address all issues described in the Rule, set forth the substance of his direct examination, and provide "a complete statement of all opinions to be expressed and the basis and reasons therefor." Rule 26(a)(2)(B)

### Conclusion

Based on the foregoing, the Court will grant Defendant's motion to exclude the expert disclosure of Pete Hennessey, and grant Plaintiffs seven days from the date of this Opinion, Memorandum and Order to file a new expert report which complies with Rule 26(a)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** Defendant's motion to strike testimony of Pete Hennessey, [Doc. No. 54], is **GRANTED.**

Dated this 30th day of April, 2026.

_____

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE